SLIP OPINION



Cite as 2013 Ark. 306

# SUPREME COURT OF ARKANSAS

No. CR–11–821

| | | |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| RONALD A. McCLURE | | |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, 60CR-01-638, HON. WENDELL GRIFFEN, JUDGE |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

## PER CURIAM

In 2001, appellant Ronald A. McClure entered a negotiated plea of guilty to first-degree murder. He was sentenced to 540 months' imprisonment. In 2010, appellant filed in the circuit court a pro se petition for writ of error coram nobis alleging that, because of trial counsels' failure to investigate and failure to properly advise him of the plea bargain and its effects, he felt coerced to enter the guilty plea. The circuit court denied appellant's request for relief on the grounds that appellant did not act with due diligence in filing the petition nine years after judgment was entered and that appellant failed to prove the existence of some extrinsic fact not known at trial that would have prevented entry of the judgment. Appellant now brings this appeal.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Lee v. State*, 2012 Ark. 401 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Id*.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

On appeal, appellant asserts that his guilty plea was coerced by the "use of force and threats," that the prosecution withheld material, exculpatory evidence, that he was denied the right to a trial by jury, and that he was denied the right to counsel of his choice. At the outset, we decline to address appellant's arguments concerning evidence withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), denial of appellant's right to a trial by jury, and denial of appellant's right to counsel of his choice, as appellant failed to

2

preserve those issues for appellate review. In his petition for the writ, appellant's only ground in support of issuance of the writ was that his guilty plea had been coerced. Issues raised for the first time on appeal, even constitutional ones, will not be considered on appeal. *White v. State*, 2012 Ark. 221, ___ S.W.3d ___.

We further note that appellant's argument on appeal does not present facts sufficient to support a *Brady* violation. In order to establish a *Brady* violation, petitioner must establish that evidence was suppressed by the State, either willfully or inadvertently. *Sparks v. State*, 2012 Ark. 464 (per curiam) (citing *Smith v. State*, 2012 Ark. 403 (per curiam)). Where a petitioner offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation that warrants issuance of a writ of error coram nobis. *Id.* Here, appellant acknowledges in his brief-in-chief that the information, which he contends was withheld by the prosecution, was received by the defense one month prior to trial. Where the defense was aware of the facts at the time of trial, those facts are not sufficient to support grounds for the issuance of the writ. *Jackson v. State*, 2010 Ark. 81 (per curiam).

Turning to appellant's remaining argument on appeal regarding a coerced guilty plea, we cannot say that the circuit court abused its discretion in denying the writ on this point. In his petition for the writ, appellant alleged that he felt coerced to enter into a plea bargain due to his counsels' failure to investigate and to properly advise him of the plea bargain and its effects; however, appellant makes no argument on appeal regarding this particular claim. As such, appellant has abandoned the arguments on appeal. Issues raised below but not argued

3

on appeal are abandoned. *James v. State*, 2013 Ark. 290 (per curiam). Moreover, to the extent that the allegations made below in support of the writ were predicated on ineffective-assistance-of-counsel claims, such claims are not cognizable in error-coram-nobis proceedings. *Cromeans*, 2013 Ark. 273 (Allegations of ineffective assistance of counsel are outside the purview of coram-nobis proceedings.); *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___ (Error-coram-nobis proceedings are not to be used as a substitute for Rule 37 proceedings, such as claims of ineffective assistance of counsel.).

While appellant has abandoned his claims that he was coerced to enter a guilty plea due to counsels' ineffectiveness, he asserts a new claim on appeal that the prosecution coerced his guilty plea by use of force and threats. Specifically, he asserts that the prosecution threatened to seek a sentence of life imprisonment if he did not enter the proposed plea bargain. Notwithstanding appellant's failure to preserve this argument for appellate review, *see White*, 2012 Ark. 221, ___ S.W.3d ___, appellant's claims do not rise to the level of coercion required to demonstrate that a writ of error coram nobis should issue. *See Pierce v. State*, 2009 Ark. 606 (per curiam) (denial of writ of error coram nobis affirmed where appellant alleged that guilty plea was coerced on grounds that he was threatened with a greater sentence).

Finally, although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Burks*, 2013 Ark. 188. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay in bringing the petition. *Id.* Here,

4

appellant waited nine years to request issuance of the writ and asserted claims in support of his request that were known to him at the time of trial. Even if appellant had asserted a ground sufficient to support issuance of the writ, his failure to act with due diligence, alone, would constitute good cause to deny the petition. *Id.*

Affirmed.

*Ronald A. McClure*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.