

# SUPREME COURT OF ARKANSAS

**No.** CR-12-684

|  |  |  |
|---|---|---|
| JOE MORGAN | | **Opinion Delivered** September 19, 2013 |
| | APPELLANT | PRO SE PETITION FOR WRIT OF CERTIORARI TO COMPLETE THE APPELLATE RECORD AND MOTION FOR EXTENSION OF TIME AND ACCESS TO SUPPLEMENTAL RECORD [PULASKI COUNTY CIRCUIT COURT, 60CR-02-2106, HON. LEON JOHNSON, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | APPEAL DISMISSED; PETITION FOR WRIT OF CERTIORARI AND MOTION FOR EXTENSION OF TIME AND ACCESS TO SUPPLEMENTAL RECORD MOOT. |

**PER CURIAM**

In 2003, appellant Joe Morgan entered a negotiated plea of guilty to rape and first-degree sexual assault and received an aggregate sentence of sixty years' imprisonment in the Arkansas Department of Correction. Appellant filed three pro se petitions for writs of error coram nobis—one in 2007 and two in 2011. The circuit court denied the petitions in a single order on May 17, 2012, and appellant lodged an appeal from that order. Appellant has now filed a petition for writ of certiorari to complete the appellate record. He has also filed a motion that requests an extension of time in which to file his brief and access to the supplemental record sought in the petition. We dismiss the appeal. Because the items that appellant would add to the record are not necessary to determine that we must dismiss, the petition for writ of certiorari

SLIP OPINION

is moot. The motion for extension of time and access to supplemental record is also moot.

An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Davis v. State*, 2012 Ark. 228 (per curiam). Our review of the record has made it clear that appellant cannot prevail.

We determine that appellant cannot demonstrate error on the record that is before us or as appellant would have it supplemented. We do not consider appellant's claims in the 2007 petition that were addressed by the trial court. The 2007 petition is not included in the record, and appellant does not seek to bring up the 2007 petition in his petition for writ of certiorari. Appellant cannot therefore prevail as to those claims. *See Townsend v. State*, 2013 Ark. 106 (per curiam) (without a record sufficient to show error, this court has no choice but to affirm).

Appellant does seek to bring up his plea statement and an order that was entered on a motion for modification of the order denying error-coram-nobis relief.[1] Appellant contends that these items were omitted from the record and should be included. An examination of the plea statement is not necessary to review appellant's claims in the 2011 petitions. We have determined that all claims in the 2011 petitions, including the issue that appellant asserts was addressed by the omitted order, failed to allege a claim that would support relief; therefore it is not necessary to bring up the later order to address the issue.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Lee v. State*, 2012 Ark. 401 (per

---

[1]Appellant filed an amended notice of appeal that referenced an additional later order, not included in the record, that was entered June 30, 2012.

curiam); *Carter v. State*, 2012 Ark. 186 (per curiam); *Benton v. State*, 2011 Ark. 211 (per curiam); *Pierce v. State*, 2009 Ark. 606 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Lee*, 2012 Ark. 401 (citing *Estrada v. State*, 2011 Ark. 479 (per curiam)). There is no abuse of discretion in the denial of error-coram-nobis relief where the claims in the petition did not provide a basis to support error-coram-nobis relief. *See Benton*, 2011 Ark. 211.

The relevant facts, as alleged by appellant, are summarized briefly here. The negotiations between appellant, his attorney, and the prosecuting attorney had reached an impasse over the application of Arkansas Code Annotated section 5-4-501(c) (Repl. 1997).[2] Appellant had indicated to trial counsel and the prosecutor that he would go to trial and risk a life sentence because the result was basically the same if he was required to serve the full term, without the possibility of parole, on the offered recommendation of a sixty-year term.

The prosecutor referred to an exception in the statute and then left appellant with trial counsel to allow them to discuss the matter. After the prosecuting attorney left, counsel advised appellant that there was an exception under Arkansas Code Annotated section 16-93-1302 (Supp. 1995) that provided eligibility for parole at the time an inmate sentenced under section 5-4-501(c) reached fifty-five years of age.[3]

After the court summoned the negotiating parties and indicated that the time left for

---

[2]Some technical changes were made to the statute by Act 1553 of 2001 during the range of dates provided on the judgment for the commission of the crimes, but the statute remained otherwise unchanged during the ranges listed for both crimes.

[3]Effective after appellant had submitted his application, section 16-93-1302 was repealed by Act 570 of 2011.

some decision on the plea was running short, appellant agreed to take the plea offer. During the plea hearing, the prosecuting attorney made a record that appellant was to serve his sentence without parole eligibility under section 5-4-501(c). The court questioned appellant about his understanding of that provision, and appellant's attorney responded that he had advised appellant that section 16-93-1302 would provide an exception.

When appellant reached fifty-five years of age, he submitted an application to be considered for parole, and he was advised by the Arkansas Department of Correction ("ADC") that he was not eligible. Appellant attached to the first 2011 error-coram-nobis petition a response from the ADC to his application for parole. The response referenced Act 1805 of 2001, which amended the parole-eligibility statutes to prohibit parole eligibility for certain persons who entered a guilty plea to a felony sex offense.[4]

In appellant's first 2011 petition for the writ, he alleged that his plea was coerced. In this petition, appellant alleged that the prosecution's actions in suggesting that there was an exception, along with faulty advice from trial counsel and comments from the court during his plea hearing, served as undue influence. He alleged that, because the prosecutor had charged him under section 5-4-501, the prosecution had made representations about his parole eligibility. Appellant concedes that the State was not required to provide him with information concerning parole eligibility, but he contends that the representations of no parole eligibility contained in

---

[4]It is not clear that Act 1805 should apply to appellant's sixty-year sentence. Parole eligibility is determined by the law in effect at the time the crime is committed. *Aguilar v. Lester*, 2011 Ark. 329 (per curiam) (citing *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000)). The judgment lists ranges of dates for the times the crimes were committed. At least a portion of the date range for the rape charge listed on appellant's judgment—the conviction that imposed the longer sixty-year sentence—was prior to that date.

SLIP OPINION

the charge means that the information about parole provided to him must be correct and complete. Appellant further alleged that the prosecution was required to have advised him that Act 1805 could also impact his eligibility for parole.[5]

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Biggs v. State*, 2011 Ark. 304 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *Biggs*, 2011 Ark. 304; *Coley v. State*, 2011 Ark. 540 (per curiam). The remedy in a proceeding for the writ is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Lee*, 2012 Ark. 401. To warrant a writ of error coram nobis, a petitioner has the burden of bringing forth some fact, extrinsic to the record, that was not known at the time of trial. *Id.* (citing *Martin v. State*, 2012 Ark. 44 (per curiam)).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *Carter*, 2012 Ark. 186; *Loggins v. State*, 2012 Ark. 97 (per curiam); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam). This court has previously recognized that a writ of error coram nobis was available to address errors found

<hr>

[5]Even if Act 1805 did apply, the prosecution had already taken the stance that appellant would not be eligible for parole. Because appellant did not establish that the prosecution had made any representation other than that appellant would not be eligible for parole, he did not establish that the prosecution had an obligation to provide him more accurate information about his parole eligibility, and the claim was not one that would support coram-nobis relief.

in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *Webb v. State*, 2009 Ark. 550 (per curiam). Appellant couched this claim, as set out in the first 2011 petition, to fall within the second category of error, but the claim is not one of some hidden fact that would support the writ.

Assuming that appellant is not—as the ADC determined—eligible for parole, the specific acts that appellant alleged the prosecutor and the court had committed did not amount to coercion or to a misrepresentation that appellant was eligible for parole. Appellant did not allege that there was any false representation from the prosecutor or the court that he would be eligible for parole. Appellant did not contend that the prosecutor had made a representation that the exception would apply to him. In fact, appellant contends that the prosecution stated at the plea hearing that appellant would not be eligible for parole. Simple pressure on a defendant for a decision is not sufficient to establish coercion. *See Pierce v. State*, 2009 Ark. 606 (per curiam).

If there was a misrepresentation that appellant would be eligible for parole, as appellant alleged, it was a misrepresentation by appellant's counsel and not by the prosecution or the court. It was, according to appellant, appellant's counsel who stated at the plea hearing that the age exception, which appellant asserted that he relied on in accepting the plea agreement, would apply. Although framed otherwise, appellant's claim was essentially, as the court found in its order denying relief, a claim of ineffective assistance of counsel. Claims of ineffective assistance, without more, do not support error-coram-nobis relief. *Benton*, 2011 Ark. 211.

Having couched his grounds for the writ in terms of a coerced guilty plea does not alter the fact that the basis for appellant's claim is ineffective assistance of counsel. *See id.* Erroneous advice concerning parole eligibility does not automatically render a guilty plea involuntary. *Bowers v. State*, 292 Ark. 249, 250, 729 S.W.2d 170, 171 (1987) (citing *Garmon v. State*, 290 Ark. 371, 719 S.W.2d 699 (1986)). That counsel provided erroneous advice about the consequences of entering a guilty plea does not support a claim of a coerced guilty plea, and it does not provide a basis for error-coram-nobis relief. *See State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

Appellant did not allege that the prosecution or the court made any statements that appellant would be eligible for parole, and the facts concerning statutes applicable to appellant's potential parole eligibility were public record and not some withheld or hidden fact. Although appellant contends that the prosecution had an obligation to correct his attorney and to advise him that Act 1805 would apply to his sentence, the prosecutor had made no representation that appellant would be considered eligible for parole to trigger such an obligation.

In his later 2011 petition, appellant alleged these same facts and additionally alleged a violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). The third category of error previously recognized by this court for which error-coram-nobis relief may be available is material evidence withheld by the prosecutor. Some allegations of a *Brady* violation may fall within this category of error as recognized grounds for the writ. *See Sparks v. State*, 2012 Ark. 464 (per curiam). Appellant did not contend, however, that any favorable, material evidence was withheld, only that the prosecution withheld information concerning application of Act 1805.

*See Burks v. State*, 2013 Ark. 188 (per curiam) (listing the three elements of a *Brady* violation and requiring that appellant state facts in support of those elements, in addition to other requirements, in order to merit error-coram-nobis relief for the third category of error).  We have already addressed the issue as a claim of prosecutorial misconduct concerning the withholding of information and found no ground for relief.

Finally, in the later 2011 petition, appellant alleged that section 5-4-501 was invalidated by the enactment of Act 1805, and, as a consequence, his sentence enhancement under that statute was illegal.  If there was a conflict between the statutes as appellant alleged, that conflict would not result in an invalid judgment.  Questions concerning parole eligibility are not matters properly considered by the sentencing court.  *Davis*, 2012 Ark. 228.  Because this last issue was also not an appropriate issue for error-coram-nobis relief, the trial court did not err in denying the relief sought in appellant's later petition.

Appeal dismissed; petition for writ of certiorari and motion for extension of time and access to supplemental record moot.

*Joe Morgan*, pro se appellant.

No response.