

# SUPREME COURT OF ARKANSAS

**No.** CR–13–713

| | | |
|---|---|---|
| KIRK DEMEYER | | **Opinion Delivered** November 7, 2013 |
| | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [BAXTER COUNTY CIRCUIT COURT, 03CR-09-99, HON. JOHN PUTMAN, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2009, appellant Kirk Demeyer entered a negotiated plea of guilty to rape and was sentenced to 480 months' imprisonment. In 2012, appellant filed in the circuit court a pro se petition for writ of error coram nobis in which he alleged that his guilty plea was coerced and that the prosecution withheld evidence from him. Following a hearing, the circuit court denied the petition, and appellant lodged an appeal from that order. Now before us is appellant's pro se motion for extension of time to file his brief.

We need not address the merits of the motion because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Morgan v. State*, 2013 Ark. 341 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177,

SLIP OPINION

403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *McClure v. State*, 2013 Ark. 306 (per curiam).

As grounds for the writ, appellant first contended in his petition that his guilty plea was coerced because counsel told him that he would receive a life sentence if he did not plead guilty

to the rape charge.[1]  At the hearing, appellant made a series of allegations stemming from trial error that are not relevant to the stated grounds for the writ.  He then testified that counsel and the prosecution threatened him with the possibility of serving three life sentences and being charged as a habitual offender if he did not enter a guilty plea.  Following the hearing, the trial court found that counsel discussed appellant's case with him, told him the possible outcomes, and successfully negotiated a plea offer of a term of years rather than a sentence of multiple life terms.  In fact, appellant was charged with four counts of rape, a Class Y felony, with an applicable sentence of ten to forty years, or life, for each count.  *See* Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2006).

Appellant's claim did not rise to the level of coercion required to demonstrate that a writ of error coram nobis should issue.  *See McClure v. State*, 2013 Ark. 306 (per curiam); *Pierce v. State*, 2009 Ark. 606 (per curiam).  Appellant failed to offer any substantiation that he was subjected to any specific mistreatment. *See Pierce*, 2009 Ark. 606.  Moreover, he did not show that his mere concern that he could be subjected to a greater sentence by proceeding to trial rose to the level of coercion required to demonstrate that a writ of error coram nobis should issue.  *See id.*

Appellant's second ground for the issuance of the writ was that the prosecution did not provide him with a videotape of the interview with the victim in violation of *Brady v. Maryland*,

---

[1]Appellant also asked the trial court to consider the "totality of the circumstances," consisting of allegations of ineffective assistance, a "pattern of coercion," and trial error, including constitutional violations, in determining whether his stated grounds for the writ had merit. He provides no factual substantiation for his claim of a "pattern of coercion." Allegations of ineffective assistance of counsel are outside the purview of coram-nobis proceedings. *Cromeans*, 2013 Ark. 273. Moreover, even issues of trial error of constitutional dimension that could have been raised in the trial court are not grounds for the writ. *Smith v. State*, 2012 Ark. 403 (per curiam).

SLIP OPINION

373 U.S. 83 (1963). This court has previously recognized that a writ of error coram nobis was available to address errors pertaining to material evidence withheld by the prosecutor. *Cromeans*, 2013 Ark. 273; *Burks v. State*, 2013 Ark. 188 (per curiam). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Cromeans*, 2013 Ark. 273; *Burks*, 2013 Ark. 188. At the hearing, counsel testified that he had received a copy of the videotaped interview in his discovery packet from the prosecution, and appellant admitted that counsel had seen or was aware of the videotape of the interview. Because appellant failed to provide any factual support for his claim that the evidence was suppressed by the State, he is not entitled to relief.

Appeal dismissed; motion moot.

*Kirk Demeyer*, pro se appellant.

No response.