SLIP OPINION


Cite as 2013 Ark. 504

# SUPREME COURT OF ARKANSAS

No. CR-13-866

| | | |
|---|---|---|
| | | **Opinion Delivered** December 5, 2013 |
| DETRICK D. CROSTON | APPELLANT | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT, 23CR-04-1061 |
| v. | | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2004, appellant Detrick D. Croston was found guilty by a jury of aggravated robbery and theft of property and sentenced as a habitual offender to 180 months' imprisonment and a fine of $1000. No appeal was taken, and a pro se motion for belated appeal was denied by this court. *Croston v. State*, CR-06-425 (Ark. May 11, 2006) (unpublished per curiam).

In 2012, appellant filed in the trial court a pro se petition for writ of error coram nobis challenging the judgment. This appeal arises from the denial of that petition.

Now before us is appellant's motion for extension of time to file his brief-in-chief. We need not address the merits of the motion because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. *See Demeyer v. State*, 2013 Ark. 456 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to proceed where it is clear that the appellant could not prevail. *Morgan v. State*, 2013 Ark. 341 (per curiam).

SLIP OPINION

In the coram-nobis petition, appellant alleged that the trial court erred when it declined to do the following at trial: grant a continuance so that a pretrial psychological evaluation could be conducted on appellant and so that a prior psychological evaluation on file in another division of the circuit court could be considered; consider certain proof that appellant was mentally deficient; allow a certain psychological evaluation to be introduced into evidence at trial; suspend all proceedings so that a psychological evaluation by the State could be conducted on appellant.

The claims of trial error raised by appellant were not within the purview of a coram-nobis petition. *Thompson v. State*, 2012 Ark. 339 (per curiam) (mere trial error does not form a basis for coram-nobis relief). A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Demeyer*, 2013 Ark. 456; *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The

SLIP OPINION

petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *McClure v. State*, 2013 Ark. 306 (per curiam).

Clearly, an issue of trial error is an issue known at the time of trial that could have been addressed and settled at trial and on direct appeal. As such, it does not provide a ground to grant a writ of error coram nobis. *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___ (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Demeyer*, 2013 Ark. 456; *Rodgers v. State*, 2012 Ark. 193 (per curiam); *Martin v. State*, 2012 Ark. 44 (per curiam).

As appellant did not raise a claim within the scope of a coram-nobis proceeding, the trial court did not err in denying the petition. A coram-nobis proceeding is not a substitute for raising an issue at trial and on the record on direct appeal if a ruling on an issue is adverse to the defendant. *See Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Appeal dismissed; motion moot.

*Detrick D. Croston*, pro se appellant.

No response.