
SLIP OPINION

Cite as 2013 Ark. 517

# SUPREME COURT OF ARKANSAS

No. CR-13-789

| | | |
|---|---|---|
| FLOYD EDWARDS | | **Opinion Delivered** December 12, 2013 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [WASHINGTON COUNTY CIRCUIT COURT, 72CR-08-1823, 72CR-09-889, 72CR-09-1404] |
| v. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE WILLIAM A. STOREY, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2009, appellant Floyd Edwards entered a negotiated plea of guilty to multiple felony offenses and was sentenced to 240 months' imprisonment with 204 of those months suspended. He was also ordered to pay restitution and certain costs. In 2013, appellant filed in the trial court a pro se petition for writ of error coram nobis in which he alleged that the trial court did not follow proper procedure when the guilty plea was entered and that he was not afforded effective assistance of counsel in the plea proceeding. The trial court denied the petition, and appellant lodged an appeal from that order. Now before us is appellant's pro se motion for extension of time to file his brief-in-chief.

We need not address the merits of the motion because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of

SLIP OPINION

error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Demeyer v. State*, 2013 Ark. 456 (per curiam); *Morgan v. State*, 2013 Ark. 341 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). The standard of review of

SLIP OPINION

a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *McClure v. State*, 2013 Ark. 306 (per curiam).

First, the claim of ineffective assistance of counsel that appellant raised was not within the purview of a coram-nobis proceeding. Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

With respect to appellant's contention that the trial court did not follow proper procedure when the plea was taken in 2009, the argument could have been made at the time the plea was entered. In an apparent attempt to skirt the fact that coram-nobis relief is not available to address issues that could have been raised at the time of trial, appellant argued that he was not aware when the plea was entered of the immigration and deportation consequences that could arise from his having entered a plea of guilty. This court has specifically held, however, that a lack of knowledge concerning potential immigration and deportation issues does not raise an error of fact extrinsic to the record that is cognizable in a coram-nobis petition. *Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

While appellant contended that his plea was coerced, his arguments centered on the advice his attorney gave him when the plea was entered and the failure of the trial court to inform him of the immigration and deportation implications of a guilty plea. We declined in *Estrada v. State*, 2011 Ark. 479 (per curiam), to expand the purview of a coram-nobis petition to

include the allegation that a petitioner was not properly advised of immigration and deportation consequences when the petitioner's plea of guilty was entered. Appellant here failed to offer any substantiation that he was subjected to any specific mistreatment. *See Pierce v. State*, 2009 Ark. 606 (per curiam). Appellant's claim did not rise to the level of coercion required to demonstrate that a writ of error coram nobis should issue. *See Demeyer*, 2013 Ark. 456 (citing *McClure*, 2013 Ark. 306); *see also Pierce v. State*, 2009 Ark. 606 (per curiam) (Petitioner's mere fear of lengthier term of imprisonment if he chose to go to trial rather than enter a plea of guilty was not sufficient to demonstrate the level of coercion required to warrant issuance of the writ.).

Appeal dismissed; motion moot.

*Floyd Edwards*, pro se appellant.

No response.