

# SUPREME COURT OF ARKANSAS

No. CR-13-761

| | |
|---|---|
| | **Opinion Delivered** February 6, 2014 |
| ROBERT E. BANNISTER<br>PETITIONER | PRO SE MOTION FOR BELATED APPEAL OF ORDER [WASHINGTON COUNTY CIRCUIT COURT, 72CR-11-902] |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | MOTION DENIED. |

## PER CURIAM

In 2011, petitioner Robert E. Bannister entered a plea of guilty to two counts of second-degree sexual assault. He was sentenced to an aggregate term of 240 months' imprisonment.

In 2013, petitioner filed in the trial court a pro se petition for writ of error coram nobis in which he alleged that the judgment should be vacated on the grounds that his guilty plea was coerced and that there was newly discovered evidence that warranted issuance of the writ. The trial court denied and dismissed the petition. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal of the order.

As it is clear from the record that petitioner could not prevail on appeal if the appeal were permitted to go forward, the motion is denied. *See Crain v. State*, 2012 Ark. 412 (per curiam); *see also Bates v. State*, 2012 Ark. 394 (per curiam). An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Morgan v. State*, 2013 Ark. 341 (per curiam); *Davis v. State*, 2012 Ark. 228 (per curiam).

The standard of review of a denial of a petition for writ of error coram nobis is whether

SLIP OPINION

the circuit court abused its discretion in denying the writ. *Morgan*, 2013 Ark. 341; *Lee v. State*, 2012 Ark. 401 (per curiam); *Carter v. State*, 2012 Ark. 186 (per curiam); *Benton v. State*, 2011 Ark. 211 (per curiam); *Pierce v. State*, 2009 Ark. 606 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Lee*, 2012 Ark. 401 (citing *Estrada v. State*, 2011 Ark. 479 (per curiam)). There can be no abuse of discretion in the denial of error coram nobis relief where the claims in the petition did not provide a basis to support issuance of the writ. *See Benton*, 2011 Ark. 211.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Edwards v. State*, 2013 Ark. 517 (per curiam); *Larimore v. State*, 341 Ark. 397, 17 S.W.3d 87 (2000). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). We have held that a writ of error coram nobis was available to address errors found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, a third-party confession to the crime during the time between conviction and appeal. *Sanders v. State*, 374 Ark. 70, 285 S.W.3d 630 (2008) (per curiam).

The function of the writ is to secure relief from a judgment rendered while there existed some fact, which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). A writ of error coram nobis is appropriate when an issue was not addressed or could not have been addressed

2

at trial because it was somehow hidden or unknown. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). For the writ to issue following the affirmance of a conviction, the petitioner must show a fundamental error of fact extrinsic to the record. *Thomas v. State*, 367 Ark. 478, 241 S.W.3d 247 (2006) (per curiam). Looking to the petition filed in the trial court and not to any new claims or arguments raised in the motion for belated appeal, we find that petitioner asserted no issue that was hidden or unknown or any error of fact extrinsic to the record, and he did not demonstrate that there was an error in the proceedings against him that would warrant the writ.

Petitioner's grounds for the writ combined the claim that his guilty plea was coerced with the claim that the prosecution withheld evidence from the defense. The coercion was alleged to have begun when petitioner initially met with the police concerning the allegation that he had engaged in sexual contact with a minor. He alleged that he agreed to go to the police station after it was closed for the day and was told that he could terminate questioning at any time and that the door would be unlocked if he wished to leave. When the questioning turned from mere misdemeanor sexual contact to sexual assault, petitioner asserted that he asked for an attorney and asked to stop the questioning. He contended that he was then shown a pair of handcuffs and told that he would be placed under arrest if he requested counsel. His wife and children were then allowed to join him in the interrogation room, and his wife attempted to contact a lawyer but was unable to do so. Petitioner was shown a large paper bag that he was told contained evidence; he was not shown the evidence but was shown a photocopied document containing pictures of the crime scene and pictures of the evidence said to be in the paper bag. Even though his family was allowed to join him and his wife was allowed to attempt to contact

an attorney, petitioner argued that he was nevertheless coerced into pleading guilty by virtue of the manipulative techniques used by the interrogator. Those techniques included mocking his religion, forcing him to pray with the investigator, asking misleading questions, questioning him about his sexual relationship with his wife, making references to petitioner's father's criminal record, accusing petitioner's father of having molested petitioner, not taping the questioning, threatening petitioner with additional charges in another county, and compelling him to write out a second statement admitting to experiencing sexual gratification from touching the minor's buttocks and feeling remorse for touching the minor. Even if those techniques were a violation of some constitutional right, petitioner could have declined to enter a plea of guilty and challenged at trial any evidence adduced through the techniques. By pleading guilty, he admitted to the offenses charged and abandoned a challenge to the evidence obtained during the interrogation. *See Wells v. State*, 2012 Ark. 308 (per curiam).

Except for the allegation that the investigator grabbed his wrist, petitioner did not claim physical abuse or threats of physical abuse, prolonged isolation, sleep deprivation, or prolonged denial of food or drink or otherwise assert that other such abusive tactics were employed to coerce a confession. Petitioner did not claim that his plea was coerced in the sense that it was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See, e.g.*, *Hardwick v. State*, 220 Ark. 464, 248 S.W.2d 377 (1952). While there could be little doubt that petitioner felt considerable emotional pressure during the interrogation, he did not contend that there was a specific act that rendered him unable to make a voluntary, intelligent decision to enter a plea of guilty, and he failed to offer any substantiation

4

SLIP OPINION

that he was subjected to any specific mistreatment. *See Pierce v. State*, 2009 Ark. 606 (per curiam). That is, he did not argue that he was somehow coerced into appearing before the court and entering his plea. Petitioner could have made his attorney aware of every aspect of the interrogation and opted to stand trial rather than entering a plea. Petitioner's claims did not rise to the level of coercion required to demonstrate that a writ of error coram nobis should issue. *See Demeyer v. State*, 2013 Ark. 456 (per curiam)(citing *McClure v. State*, 2013 Ark. 306(per curiam); *see also Pierce*, 2009 Ark. 606.

The allegation concerning evidence hidden from the defense was based on petitioner's claim that he wrote two statements, the first of which was not made available to the defense. While he contended that the police attempted to cover up the first statement because it did not incriminate him, he conceded that the first statement was in his possession while he was incarcerated after the interrogation. He contended that he could not locate the first statement due to his property being stored. It is this first statement that petitioner labeled in his coram-nobis petition "newly discovered evidence." Petitioner also contended that a photocopied document that he was shown during questioning, which was said to contain pictures of evidence to be sent to the Arkansas State Crime Laboratory, was not given to the defense and that his attorney was not told that the evidence collected was never sent to the laboratory. He argued that his attorney would not have led him into entering a plea of guilty if counsel had known that the evidence had not gone to the laboratory.

Based on a consideration of the allegations raised in the petition, the trial court did not err in declining to issue the writ based on the assertion that evidence was hidden from the

defense. Failure to disclose evidence to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Here, petitioner admits that he had the first written statement in his possession while he was incarcerated and that it was later located apparently among material he had in storage. Clearly, it was not hidden from the defense. As to the photocopied document that was alleged to contain a list of the evidence to be submitted to the Arkansas State Crime Laboratory, petitioner knew of the document because he said it was shown to him. He could, therefore, have told his attorney about it if it was of value to the defense. Moreover, he failed to meet his burden of establishing that he was prejudiced by any conduct of the prosecution with respect

to the document.  In short, the petition filed in the trial court did not demonstrate a *Brady* violation in that there was no fact cited by petitioner that could not have been known at the time the plea was entered.  Where the defense could have been aware of the facts at the time of trial, those facts are not sufficient to support grounds for the issuance of the writ.  *Jackson v. State*, 2010 Ark. 81 (per curiam); *see also Demeyer*, 2013 Ark. 456.

Motion denied.

*Robert E. Bannister*, pro se petitioner.

No response.