

# SUPREME COURT OF ARKANSAS

**No.** CR-13-1143

| | |
|---|---|
| | **Opinion Delivered**  February 20, 2014 |
| ROBERT LEE WILLIFORD<br>                              PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br>                              RESPONDENT | PRO SE MOTION FOR BELATED APPEAL [FAULKNER COUNTY CIRCUIT COURT, No. 23CR-87-70, No. 23CR-87-71]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br><u>MOTION DISMISSED</u>. |

**PER CURIAM**

In 1987, a single judgment was entered in the Faulkner County Circuit Court reflecting that petitioner Robert Lee Williford had entered a plea of guilty to two counts of burglary and two counts of theft of property in cases No. 23CR-87-70 and No. 23CR-87-71. Petitioner was placed on ten years' probation.

Approximately twenty-three years later in 2010, petitioner filed in the trial court a pro se petition and amended petition for writ of error coram nobis in the two cases. On August 29, 2012, the trial court denied the relief sought. On June 6, 2013, petitioner filed a motion for reconsideration, which was denied on June 14, 2013. Petitioner filed a notice of appeal from the June 14, 2013 order. The filing of the motion for reconsideration, however, did not extend the time to file a notice of appeal from the original order entered August 29, 2012. *See McJames v. State*, 2010 Ark. 71. When petitioner tendered the record on appeal to this court, our clerk declined to lodge it, and petitioner now seeks leave to proceed with a belated appeal.

We need not consider the merits of the motion for belated appeal because it is clear from the face of the record that the petition filed in 2010 was moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Edwards v. State*, 2013 Ark. 517 (per curiam); *Demeyer v. State*, 2013 Ark. 456 (per curiam); *Morgan v. State*, 2013 Ark. 341 (per curiam).

Where the petitioner in a coram-nobis proceeding has served the sentence imposed in the criminal judgment, the petition is moot. *See Hayden v. State*, 2013 Ark. 275 (A coram-nobis proceeding was moot inasmuch as the petitioner had served the sentence being challenged.). As stated, petitioner filed the petition in 2010, approximately twenty-three years after the probated sentence had been imposed in 1987. Petitioner did not argue in the 2010 coram-nobis petition that he was still serving the sentence that had been imposed in 1987.[1] The writ provides a petitioner relief from his or her criminal judgment of conviction, and, if granted, the petitioner will be given a new trial, or, in the case of a revocation, a new revocation proceeding. *See Smith v. State*, 2011 Ark. 306 (per curiam) (citing *Penn v. State*, 282 Ark. 571, 574, 670 S.W.2d 426, 428 (1984)) (A coram-nobis petition was moot where sentence imposed on revocation of probation had been served.). As petitioner had served the sentence by the time he filed the petition, his claim was moot, and a new trial or revocation proceeding, if applicable, would not be an appropriate remedy, even if there were cause to grant the writ. *Id.*; *Webb v. State*, 2009 Ark. 497

---

[1]In a response to the State's response to the motion for belated appeal, petitioner asserted that probation was revoked three years after it had been imposed in 1987. Even if the statement is accurate, and probation was revoked in 1990 or 1991, there is nothing in the record to indicate that the sentence was still being served approximately twenty years later in 2010.



(per curiam); *see also Anderson v. State*, 352 Ark. 36, 98 S.W.3d 403 (2003) (per curiam).

Motion dismissed.

*Robert Lee Williford*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.