

Cite as 2014 Ark. 132

# SUPREME COURT OF ARKANSAS

No. CR-07-110

|  |  |  |
|---|---|---|
| KENNETH RAY PITTS | | Opinion Delivered March 20, 2014 |
| | PETITIONER | |
| | | PRO SE PETITION TO REINVEST |
| V. | | JURISDICTION IN THE CIRCUIT |
| | | COURT TO CONSIDER A PETITION |
| | | FOR WRIT OF ERROR CORAM NOBIS |
| | | AND MOTION FOR APPOINTMENT |
| STATE OF ARKANSAS | | OF COUNSEL [PULASKI COUNTY |
| | RESPONDENT | CIRCUIT COURT, NO. 60CR-05-4343] |
| | | |
| | | PETITION AND MOTION DENIED. |

## PER CURIAM

In 2006, appellant Kenneth Ray Pitts was found guilty by a jury in the Pulaski County Circuit Court of second-degree sexual assault and sexual indecency with a child. He was sentenced as a habitual offender to consecutive sentences of 720 months' imprisonment for the charge of second-degree sexual assault and 180 months' imprisonment for the charge of sexual indecency with a child. The Arkansas Court of Appeals affirmed. *Pitts v. State*, CR-07-110 (Ark. App. Oct. 31, 2007) (unpublished) (original docket no. CACR 07-110).

Now before us is petitioner's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis,[1] as well as his pro se motion to appoint counsel. A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing

---

[1]The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

*Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61).

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

As grounds for the writ, petitioner first asserts in a conclusory fashion that the circuit court acted without jurisdiction. While jurisdictional issues do not fall within one of the four categories for issuance of a writ, a question of a circuit court's jurisdiction over a defendant is always open and is not one that may be waived by either party. *See Reed v. State*, 2011 Ark. 115

(per curiam). Nevertheless, this court will not consider wholly conclusory allegations, as presented by petitioner in the instant case, with no factual substantiation or supporting authority. *See Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. Conclusory statements cannot be the basis of postconviction relief. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

Petitioner next argues that a writ is warranted because material evidence was withheld by the prosecutor. Failure to disclose evidence to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and such an allegation falls within one of the four categories of coram-nobis relief. *Bannister v. State*, 2014 Ark. 59 (per curiam). The Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Watts v. State*, 2013 Ark. 485 (per curiam).

The allegations advanced by petitioner regarding a *Brady* violation are conclusory and are not substantiated by any factual support. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Charland v. State*, 2013 Ark. 452 (per curiam).

3

The burden is on the petitioner to show that the writ is warranted, and a bare assertion with no factual support does not justify reinvesting jurisdiction in the circuit court to consider a petition for writ of error coram nobis. *Id.* In an apparent attempt to support his claim that evidence was withheld by the prosecutor, petitioner appended to his petition a transcript of a pretrial hearing in which counsel and the court discussed discovery motions; however, the transcript does not indicate that the prosecutor withheld or refused to disclose any evidence to the defense. Moreover, it is unclear from the petition what specific evidence petitioner contends was withheld by the prosecutor;[2] nor does petitioner demonstrate the exculpatory nature of any allegedly withheld evidence or that prejudice ensued. Jurisdiction will not be reinvested in the circuit court for the purpose of allowing a petitioner to conduct a fishing expedition. *See Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003).

Finally, although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of valid delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay in bringing the

---

[2]Petitioner states in the petition that "he never received these discoveries [sic] . . . until several months after" his appeal, and he cites to a number of exhibits attached to the petition. The attached exhibits include the arrest warrant and petitioner's arrest record; Arkansas State Police victim, witness, and suspect interviews, as well as an Investigation Form; a witness list naming the victim, her mother, petitioner, the examining physician of the victim, and officers involved in the investigation of the case; the Department of Human Services case file; Child Suspected Sexual Abuse Medical Record; and petitioner's forensic evaluation.

SLIP OPINION

petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___. Here, petitioner waited approximately seven years after the judgment of conviction before petitioning this court for relief. Even if petitioner had presented grounds sufficient to support issuance of the writ, his failure to act with due diligence, alone, would constitute good cause to the deny the petition.[3]

Petition and motion denied.

BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** For the reasons stated in *Philyaw v. State*, 2014 Ark. 130, handed down this same day, I respectfully dissent.

BAKER, J., joins in this dissent.

Kenneth Ray Pitts, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

---

[3]For response to dissent, see *Philyaw v. State*, ___ Ark. ___, ___ S.W.3d ___ (per curiam).