

# SUPREME COURT OF ARKANSAS

No. CR–12–706

| | | |
|---|---|---|
| | | **Opinion Delivered**   January 23, 2014 |
| DONALD R. WRIGHT | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [60CR-91-3005] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 1992, appellant Donald R. Wright entered a plea of guilty to multiple counts of aggravated robbery and theft of property. He was sentenced to an aggregate sentence of life imprisonment. In 2011, appellant filed in the trial court a pro se petition for writ of error coram nobis, alleging that the prosecution withheld information from the trial court concerning his diminished mental competence and unstable condition, that the trial court erred in not ordering a competency hearing before accepting what amounted to a coerced guilty plea, and that he was not afforded effective assistance of counsel in the trial court. The trial court denied appellant's petition on the grounds that the claims were either without merit or not within the purview of a coram-nobis proceeding. The trial court further declared that the petition was subject to denial on the basis that appellant did not act with due diligence in filing the petition almost twenty years after the judgment had been entered and that appellant failed to prove the existence of some extrinsic fact not known at trial that would have

SLIP OPINION

prevented entry of the judgment. Appellant brings this appeal from the order.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *McClure v. State*, 2013 Ark. 306 (per curiam); *Lee v. State*, 2012 Ark. 401 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *McClure*, 2013 Ark. 306.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

On appeal, appellant asserts that the prosecution violated *Brady v. Maryland*, 373 U.S.

2

SLIP OPINION

83 (1963), by not providing accurate information to the defense to assess whether appellant was competent to stand trial or whether an affirmative defense of incompetency or diminished capacity could have been raised. He further faults the trial court for not obtaining his medical and academic records and evaluations from "experts at the gyst house who perform such evaluations." Appellant argues that the State did not make known his myriad psychological problems to his attorney and that counsel should have learned of the problems and made them known to the court.

Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

We agree with the trial court's decision that appellant did not demonstrate a *Brady*

SLIP OPINION

violation. Clearly, appellant was aware of all aspects of his history. He does not allege that there was any specific information that the State somehow learned and concealed from the defense. There is no fact cited by appellant that could not have been known at the time the plea was entered, and he has not provided any factual substantiation for the claim that there was exculpatory information hidden from the defense. He therefore did not meet his burden of demonstrating a ground for the writ. *See Demeyer v. State*, 2013 Ark. 456 (per curiam). Where the defense could have been aware of the facts at the time of trial, those facts are not sufficient to support grounds for the issuance of the writ. *Jackson v. State*, 2010 Ark. 81 (per curiam).

To the extent that the complaints about counsel's conduct were intended as allegations of ineffective assistance of counsel, such allegations are outside the purview of a coram-nobis proceeding. *See Watts v. State*, 2013 Ark. 485 (per curiam); *see also Hall v. State*, 2013 Ark. 404 (per curiam). Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

Appellant next argues directly that he was denied effective assistance of counsel in the plea proceeding. Intertwined with the claim is the assertion that his plea was coerced because his attorney, the trial court, and the prosecution did not correctly advise him on the elements required to sustain a judgment for aggravated robbery and theft of property and because his

SLIP OPINION

competency was not established before the plea was taken.

Again, an allegation of ineffective assistance of counsel is not a ground for the writ. With respect to appellant's argument that his plea was not voluntarily and intelligently given, the claim could have been raised in the trial court or in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Appellant does not claim that he is, in fact, innocent or that his plea was coerced in the sense that it was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See, e.g.*, *Hardwick v. State*, 220 Ark. 464, 248 S.W.2d 377 (1952). Rather, the claim is merely that his plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice and a lack of understanding of his mental condition on the part of counsel, the trial court, and the prosecution. When assessing the voluntariness of the plea, the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), should be applied in assessing a claim of ineffective assistance of counsel arising out of the plea-negotiation process under Rule 37.1. *Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___ (citing *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012)). Appellant offered nothing to establish that his plea was coerced in such a manner that it constituted a coerced plea within the scope of a coram-nobis proceeding, and the trial court did not err in declining to issue the writ.

Finally, there was ample support for the trial court's determination that appellant's petition was subject to denial for lack of due diligence on appellant's part in bringing the coram-nobis petition. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure*, 2013 Ark.

306. In the absence of a valid excuse for delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___. Here, petitioner failed to show that he exercised due diligence in bringing forth his claims. *See Smith v. State*, 2012 Ark. 403 (per curiam).

Affirmed.

*Donald R. Wright*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.