
SLIP OPINION

Cite as 2014 Ark. 83

# SUPREME COURT OF ARKANSAS

No. CR-13-671

| | | | |
|---|---|---|---|
| ED DESHAWN HARRIS | | **Opinion Delivered** February 20, 2014 | |
| | APPELLANT | | |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-09-1184] | |
| STATE OF ARKANSAS | | | |
| | APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE | |
| | | APPEAL DISMISSED; MOTION MOOT. | |

**PER CURIAM**

In 2009, appellant Ed Deshawn Harris entered a guilty plea in the Pulaski County Circuit Court to first-degree murder and was sentenced to 480 months' imprisonment. In 2013, appellant filed in the circuit court a pro se petition for writ of error coram nobis alleging that his guilty plea was coerced due to ineffectiveness of counsel and that he was incompetent at the time of entering the plea. The circuit court denied relief, and appellant timely lodged an appeal from that order. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We need not address the merits of the motion, however, because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Demeyer v. State*, 2013 Ark. 456 (per curiam); *Morgan v. State*, 2013 Ark. 341 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot.

SLIP OPINION

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam). When reviewing the denial of a petition for writ of error coram nobis, we determine whether the circuit court abused its discretion in denying the writ. *Lee v. State*, 2012 Ark. 401 (per curiam).

Appellant first asserted in his petition that his guilty plea was coerced. However, appellant did not contend that the plea was given as a result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See, e.g.*, *Hardwick v. State*, 220 Ark. 464, 248 S.W.2d 377 (1952). Rather, the crux of appellant's claim is that the plea was not voluntarily, intelligently, and knowingly given due to the alleged ineffectiveness of counsel. Allegations of ineffective assistance of counsel are outside the

SLIP OPINION

purview of a coram-nobis proceeding. *Watts v. State*, 2013 Ark. 485 (per curiam); *Hall v. State*, 2013 Ark. 404 (per curiam). Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

Intertwined with the allegation of a coerced guilty plea, appellant next asserted that his plea was not voluntarily and intelligently given because he was not competent at the time he entered the plea of guilty due to "significant cognitive impairment" caused by his use of illegal drugs. The argument advanced by appellant is conclusory, without any factual basis, and does not demonstrate that there was any issue concerning his competency that was hidden or unknown to him at the time the plea was entered. Thus, the issue could have been raised at that time and is not a ground for proceeding with a petition for writ of error coram nobis.

Appeal dismissed; motion moot.

*Ed Deshawn Harris*, pro se appellant.

No response.