

# SUPREME COURT OF ARKANSAS

No. CR-13-750

| | | |
|---|---|---|
| | | Opinion Delivered September 25, 2014 |
| BILLY V. WILBURN | APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-96-200] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KIRK D. JOHNSON, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 1996, appellant Billy V. Wilburn entered a plea of guilty to three counts of rape and one count of first-degree sexual abuse. He was sentenced to serve an aggregate sentence of 480 months' imprisonment for the three rape convictions. A sentence of 120 months' imprisonment was imposed for the sexual-abuse conviction, with all sentences to run concurrently.

In 2013, appellant filed in the trial court a pro se petition for writ of error coram nobis. The petition was denied on the grounds that the petition was without merit and that the claims in it were not brought with due diligence. Appellant brings this appeal.

Appellant contended in his petition that was entitled to a writ of error coram nobis on the following grounds: his plea was coerced in that it was not knowingly, voluntarily, and intelligently entered because he was not properly advised by the trial court or his attorney of the charges and his rights; he did not understand the plea statement because it was not properly explained to him; he is mildly mentally retarded and could not understand the proceedings and

SLIP OPINION

could not assist in his own defense. On appeal, appellant argues only that the trial court erred in accepting the opinion of one psychiatrist as to his competence and that he was coerced by his attorney and the victim's family into pleading guilty. To the extent that appellant fails to raise on appeal any of the issues raised in the coram-nobis petition, the omitted issues are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852; *McClure v. State*, 2013 Ark. 306 (per curiam); *Lee v. State*, 2012 Ark. 401 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852; *McClure*, 2013 Ark. 306.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories:

(1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

Appellant has not stated a claim that warrants issuance of a writ of error coram nobis. Appellant's mere assertions that his claims involve a coerced guilty plea did not require the trial court to treat them as such. *See Nelson*, 2014 Ark. 91, 431 S.W.3d 852. Instead, a court reviewing a petition for writ of error coram nobis must look to the true nature of a petitioner's claim, rather than how a petitioner couches the claim. *See id.*

Appellant did not contend that the plea was given as a result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See, e.g.*, *Hardwick v. State*, 220 Ark. 464, 248 S.W.2d 377 (1952). Rather, the crux of appellant's claim was that the plea was not voluntarily, intelligently, and knowingly given due to the alleged ineffectiveness of counsel and the failure of the trial court to properly advise him of the charges and his rights.

Allegations of ineffective assistance of counsel and trial error are outside the purview of a coram-nobis proceeding. *Wilson v. State*, 2014 Ark. 273 (per curiam). When a defendant enters a plea of guilty, the guilty plea is the trial, *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984), and claims of trial error should be brought at trial. *Croston v. State*, 2013 Ark. 504 (per curiam). Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). A petition for writ of error coram

SLIP OPINION

nobis is not a substitute for proceeding under Rule 37.1. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. This court has been clear that error-coram-nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable. *See, e.g.*, *Harris v. State*, 2014 Ark. 83 (per curiam); *Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. This holds true even when the deadline for filing Rule 37 relief has passed, as fundamental fairness and due process do not require an unlimited opportunity to file Rule 37 petitions. *Harris*, 2014 Ark. 83; *see Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

If it could be said that appellant raised the question of his sanity in the petition filed in the trial court and in this appeal, which is a claim cognizable in a coram-nobis proceeding, appellant has not shown that he is entitled to issuance of the writ. The argument advanced by appellant that he was incompetent when the time the plea was entered is entirely conclusory without any factual basis. Conclusory claims are not a ground for the writ. *Harris*, 2014 Ark. 83. Moreover, the claim does not demonstrate that there was any issue concerning his competency that was hidden or unknown to him at the time the plea was entered. Thus, the issue could have been raised at that time and is not a ground for proceeding with a petition for writ of error coram nobis. *See Harris*, 2014 Ark. 83.

Finally, there was ample support for the trial court's determination that appellant's petition was subject to denial for lack of due diligence on appellant's part in bringing the coram-nobis petition. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Wright v. State*, 2014 Ark. 25 (per curiam); *McClure*, 2013 Ark. 306. In the absence of a valid excuse for delay, the petition will be

denied. *Wright*, 2014 Ark. 25; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Wright*, 2014 Ark. 25. The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). The requirement that a petitioner proceed with due diligence is longstanding because coram-nobis relief is grounded on the need for the petitioner to proceed with the petition when the claim for relief is first known. *See Philyaw v. State*, 2014 Ark. 130 (per curiam). Otherwise, the finality of judgments on which society relies is undermined. Here, petitioner failed to show that he exercised due diligence in bringing forth his claims seventeen years after his plea of guilty had been entered. *See Smith v. State*, 2012 Ark. 403 (per curiam).

Affirmed.

*Billy V. Wilburn*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

SLIP OPINION