SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CR-95-1039

|  |  |
|---|---|
| KENNETH SLOCUM<br><br>                  PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                  RESPONDENT | **Opinion Delivered** September 25, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-93-2979]<br><br><br>PETITION DENIED. |

## PER CURIAM

In 1995, petitioner Kenneth Slocum was found guilty of capital murder and sentenced to life imprisonment without parole. We affirmed. *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996).[1] Appellant subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1995) on the ground that his counsel was ineffective. The trial court granted a new trial, and we reversed. *State v. Slocum*, 332 Ark. 207, 964 S.W.2d 388 (1998).

Now before us is petitioner's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial

---

[1]Appellant and Elgin King were charged with capital murder of the same victim. Their cases were severed, and King was convicted of the lesser-included offense of first-degree murder and sentenced to forty years' imprisonment. This court reversed the judgment based on the failure to properly instruct the jury. *King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996) (*King I*). At his second trial, King was again convicted of first-degree murder, and he was sentenced to sixty years' imprisonment. We affirmed. *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999) (*King II*).

court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001). A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

In his petition, petitioner contends that he is entitled to issuance of the writ on the ground that the State withheld material evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the

evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 373 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.

Petitioner first alleges that the prosecution withheld from the defense the correct date on which the victim was murdered. He states that the murder occurred on September 30, 1993, but the felony information reflected that the murder occurred on October 4, 1993, which was actually the date the body was found. A review of the information filed December 29, 1993, that is contained in the record lodged on direct appeal reveals that the information charged petitioner and codefendant, Elgin King, with capital murder committed "on or about October 4, 1993." Petitioner argues that, had the jury known of the correct date of the offense, it would have found him innocent. Petitioner has appended to the petition a copy of the coram-nobis petition that he intends to file in the trial court if he is granted leave by this court to proceed. In that petition, he alleges that he had an "iron clad alibi" for September 30, 1993. Petitioner has appended to the petition an exhibit consisting of an affidavit dated April 28, 2014, in which a woman avers that she was with petitioner on the night of September 30, 1993.

3

Petitioner has not established good cause to reinvest jurisdiction in the trial court because he offers no proof that the State withheld the date of the offense from the defense. There was testimony at petitioner's trial that the body was found on Monday, October 4, 1993, and testimony by the medical examiner that the victim had been dead for three to six days before his body was discovered, which would include the date of September 30, 1993. We are not required to take the claim in the woman's affidavit, which was submitted almost twenty-one years after September 30, 1993, at face value. *See Burks,* 2013 Ark. 188 (A court is not required to accept allegations in a coram-nobis petition at face value as support for a claim of a *Brady* violation.) (citing *Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam)). But, in any event, the affidavit does not establish a *Brady* violation because petitioner would have been aware at the time of trial of the time-frame for the time of death as reported by the medical examiner and could have informed his attorney of his whereabouts on the pertinent days prior to the discovery of the body. Moreover, petitioner has offered nothing to show that the State concealed the information provided by the woman in the affidavit.

Petitioner has also appended to the petition an exhibit consisting of a copy of an interview with Vernon Scott conducted by police detectives on October 28, 1993. In the interview, Scott, who was the principal witness against petitioner, said that he last saw the victim alive on the night the victim was killed, which was the Wednesday or Thursday before the body was discovered. Petitioner's counsel clearly knew of Scott's statement before trial inasmuch as counsel used it to cross-examine one of the detectives. Accordingly, counsel knew at the time of trial that there was evidence that the victim had been alive approximately five or six days

before his body was discovered. If there was a misstatement in the information regarding the victim's date of death, petitioner has not established that the information concerning the date of death was withheld by the prosecution in violation of *Brady*. Rather, it appears to have been a scrivener's error that could have been corrected before trial.[2]

As his second ground for issuance of the writ, petitioner argues that the State wrongfully withheld from the jury in violation of *Brady* that Vernon Scott was giving false testimony. He alleges that Scott was a heavy drug user who was not charged in the murder so that he could testify for the State without having his testimony corroborated and that Scott should have been charged as an accomplice.

Petitioner has again failed to establish a *Brady* violation. Petitioner argued on direct appeal that Scott was an accomplice as a matter of law because Scott lured the victim to the scene of his abduction. We noted our holding in the direct appeal lodged by petitioner's accomplice, King, that the evidence was insufficient to declare Scott an accomplice as a matter of law, and we adhered to that decision in petitioner's case as well. Petitioner's attempt to couch the issue now as a *Brady* violation does not provide him with another opportunity to advance the issue. Clearly, counsel knew at the time of trial that Scott was a witness for the State who was not testifying as petitioner's accomplice. As to Scott's drug use, Scott testified at trial at length that he used drugs; therefore, his drug use was a fact that was known at the time of trial.

---

[2]We have consistently held that the proper time to object to the form or sufficiency of an indictment or information is prior to trial. *Davis v. State*, 2011 Ark. 88 (per curiam) (citing *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991)); *see also England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962). A deficiency within a felony information does not render a judgment invalid on its face. *See Cook v. Hobbs*, 2011 Ark. 382 (per curiam); *Hill v. Norris*, 2010 Ark. 287 (per curiam).

Petitioner did not demonstrate that the State somehow concealed that information from the defense.

With respect to both the claim that the information contained an erroneous date of death and the claims concerning Scott, petitioner has failed to show that the State withheld information that would have resulted in a different outcome in the proceedings. As stated, the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment, and the petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Petitioner here has not met that burden.

Petition denied.

*Kenneth Slocum*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.