SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-82-120

| | | |
|---|---|---|
| | | **Opinion Delivered** November 20, 2014 |
| WILLIE RAY MACKEY | | |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-81-107] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED. |

## PER CURIAM

In 1982, petitioner Willie Ray Mackey was found guilty of first-degree murder and sentenced to life imprisonment. We affirmed. *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983). Appellant subsequently filed in this court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1982), which was denied. *Mackey v. State*, 286 Ark. 188, 690 S.W.2d 353 (1985) (per curiam).

Now before us is petitioner's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Slocum v. State*, 2014 Ark. 398, ___ S.W.3d ___ (per curiam) (citing *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam)). A writ of error coram nobis is an extraordinarily rare remedy more known

SLIP OPINION

for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

In his petition, petitioner contends that he is entitled to issuance of the writ on the ground that his attorney knew at the time of trial that petitioner was under medical treatment for post-traumatic-stress syndrome and was experiencing hallucinations and flashbacks of his military service in the Vietnam War. He contends that his state of mind was such that he was not sane and was unable to consult with counsel, and he faults counsel for not having him evaluated at the Arkansas State Hospital. He argues that his lack of competency was an issue that was hidden and unknown and would have prevented rendition of the judgment had it been

known at trial. He does not allege that the State somehow concealed information on his mental state from the defense.

We first note that, to the extent that the claims raised were intended by petitioner to be allegations of ineffective assistance of counsel, such allegations are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *See Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

With respect to petitioner's contention that he was insane at the time of trial, the claim is largely conclusory without any factual basis, and this court is not required to take claims in a coram-nobis petition at face value. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341 (per curiam) (citing *Maxwell v. State*, 2009 Ark. 309 (per curiam)). Factual substantiation for claims is required. *Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam). The application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell*, 2009 Ark. 309 (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)). Petitioner's mere statement that he suffered from post-traumatic-stress syndrome and experienced flashbacks and hallucinations is not in itself proof of incompetence to stand trial. When a petitioner who is claiming insanity as a ground for the writ does not provide any documentation or other support for the claim, he has not met his burden of demonstrating that the writ should issue. *See Harris v. State*, 2014 Ark. 83 (per curiam). Moreover, the fact that petitioner had served in the military could have been

3

known at the time of trial and any adverse effects of that service on petitioner's competency could have been addressed at trial. Petitioner has pointed to no fact that could not have been brought out at the time of trial. *See Maxwell*, 2009 Ark. 309.

Finally, the State urges this court to find that petitioner has not shown due diligence in bringing his claim of insanity inasmuch as he waited more than thirty years after the judgment in his case was affirmed to raise the claim. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief, and, in the absence of a valid excuse for delay, the petition will be denied. *Wright*, 2014 Ark. 25; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Wright*, 2014 Ark. 25. The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). The requirement that a petitioner proceed with due diligence is longstanding because coram-nobis relief is grounded on the need for the petitioner to proceed with the petition when the claim for relief is first known. *See Philyaw v. State*, 2014 Ark. 130 (per curiam). Otherwise, the finality of judgments on which society relies is undermined. *See Wilburn*, 2014 Ark. 394, 441 S.W.3d 29. Here, petitioner failed to show that his claim of incompetence could not have been raised at trial or that he exercised due diligence in bringing forth his claim more than thirty years after the judgment was affirmed. *See Smith v. State*, 2012 Ark. 403 (per curiam).

SLIP OPINION



Petition denied.

*Willie Ray Mackey*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.