SLIP OPINION

Cite as 2015 Ark. 231

# SUPREME COURT OF ARKANSAS

No. CR-00-645

| | | |
|---|---|---|
| WILLIE HUTCHERSON | | Opinion Delivered May 21, 2015 |
| | PETITIONER | |
| | | SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| V. | | |
| | | |
| STATE OF ARKANSAS | | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-99-1834] |
| | RESPONDENT | |
| | | PETITION DENIED. |

## PER CURIAM

In 2000, Willie Hutcherson was found guilty by a jury of four counts of aggravated robbery, three counts of misdemeanor theft of property, and one count of felony theft of property. Hutcherson was sentenced as a habitual offender to an aggregate term of 2880 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001).

In 2008, Hutcherson filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court was necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Slocum v. State*, 2014 Ark. 398, 442 S.W.3d 858 (per curiam) (citing *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam)). A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per

curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

The coram-nobis petition filed in 2008 focused on Hutcherson's conviction for one of the aggravated robberies—that of a Texaco station in 1999. He alleged that material evidence was withheld from the defense by the deputy prosecutor and that she and his attorney had engaged in misconduct in their handling of the evidence. The evidence alleged to have been kept from the defense consisted of the statements of two police officers that contained information that would exonerate Hutcherson. We declined to grant the petition because Hutcherson said in it that the officers' statements were obtained by the defense in the pretrial discovery process. Accordingly, the statements were not hidden from the defense and extrinsic

to the record. *Hutcherson v. State*, CR-00-645 (Ark. Jan. 15, 2009) (unpublished per curiam) (original docket no. CACR 00-645).

Now before us is Hutcherson's pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, Hutcherson repeats the claims in the first petition pertaining to the officers' statements and his claim that the deputy prosecutor and his attorney committed misconduct. He also alleges that his pretrial attorney and a different attorney who represented him at trial did not utilize the officers' statements in an effective way. He argues that, had all the available evidence been brought out at trial and correctly assessed by the jury, he would not have been convicted.

Hutcherson in this second petition again concedes that the officers' statements at issue were available at a pretrial hearing. Even though Hutcherson has couched his claim in somewhat different language in this second petition, he has not demonstrated that there was evidence concealed from the defense. The officers' statements were available to the defense before trial, and, thus the statements were not unknown to the defense at trial.

To the extent that the allegations in the instant petition were intended by Hutcherson to be allegations of ineffective assistance of counsel in pretrial proceedings or at trial, such allegations are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

Finally, if the assertions advanced by Hutcherson in his petition could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence are also not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Those issues are to be settled at trial and, when appropriate, on the record on direct appeal. *Chestang v. State*, 2014 Ark. 477 (per curiam).

Petition denied.