Cite as 2019 Ark. 318

# SUPREME COURT OF ARKANSAS

No. CR-00-645

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 7, 2019 |
| WILLIE HUTCHERSON | | |
| | PETITIONER | PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| V. | | |
| STATE OF ARKANSAS | | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-99-1834] |
| | RESPONDENT | |
| | | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Willie Hutcherson brings this petition to reinvest jurisdiction in the trial court to file a petition for writ of error coram nobis in his criminal case.[1] In the petition, Hutcherson contends that the State and his trial attorneys violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the statements of two police officers and that there was error in his trial. The petition reasserts an allegation previously raised in this court, as well as an issue of trial error that is outside the scope of a coram-nobis proceeding. We deny the petition.

---

[1]Hutcherson asks that the mandate on his direct appeal be recalled so that jurisdiction can be reinvested in the trial court to consider his coram nobis claims, but it is not necessary for this court to recall the mandate issued on direct appeal and reopen that proceeding to grant leave for the trial court to consider such a petition.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full

disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

### III. *Background*

In 2000, Hutcherson was found guilty by a jury of four counts of aggravated robbery, three counts of misdemeanor theft of property, and one count of felony theft of property. Hutcherson was sentenced as a habitual offender to an aggregate term of 2880 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hutcherson v. State,* 74 Ark. App. 72, 47 S.W.3d 267 (2001).

In 2008, Hutcherson filed in this court his first petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The principal claim in the petition pertained to the statements of two police officers. We declined to grant the petition because Hutcherson admitted in the petition that the officers' statements had been obtained by the defense during the pretrial discovery process. Accordingly, the statements were not hidden from the defense and extrinsic to the record. *Hutcherson v. State,* CR–00–645 (Ark. Jan. 15, 2009) (unpublished per curiam).

In 2015, Hutcherson filed a second coram-nobis petition that also concerned the officers' statements. Again, there was no claim that the statements were extrinsic to the record, and the second petition was also denied. *Hutcherson v. State,* 2015 Ark. 231 (per curiam).

In 2016, Hutcherson filed a third coram-nobis petition. As he did in the first two petitions, he focused his grounds for the writ on the two officers' statements that were

known to him before his trial was conducted. He added the claim that the deputy prosecutor, his attorney, and the trial judge were part of a "premeditated plan to intentionally misrepresent" him by not handling the statements properly. He stated that he obtained the statements from the discovery material and that he passed the statements along to his attorney, who gave the statements to the deputy prosecutor rather than to the judge. He contended that the deputy prosecutor failed to abide by the State's duty to conduct on-going discovery and that the deputy prosecutor's misconduct with respect to the statements amounted to a violation of due process and his civil rights. We dismissed the third petition as a successive application for coram-nobis relief in this court that constituted an abuse of the writ.

IV. *Grounds for Relief*

In this fourth coram-nobis petition, Hutcherson again raises the claims pertaining to the statements of the two officers that were addressed previously. He again concedes that the existence of the statements was known at the time of trial, stating that he gave the statements to his attorney at an omnibus hearing and that both counsel and the State conspired to withhold the statements from the trial court. To establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Henington v. State*, 2018 Ark. 279, at 3, 556 S.W.3d 518, 522. Hutcherson has not shown that the State withheld evidence at trial in violation of *Brady*.

4

To the extent that the allegation can be construed as a claim of ineffective assistance on the part of trial counsel, allegations of ineffective assistance of counsel do not support issuance of the writ. *Davis v. State*, 2018 Ark. 290, at 6, 558 S.W.3d 366, 369. Coram-nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2017). *Griffin v. State*, 2018 Ark. 10, at 3, 535 S.W.3d 261, 263 (citing *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673).

Likewise, Hutcherson's allegation that the State, as well as his attorneys, knew of the statements and did not reveal them to the trial judge, does not make a showing of prosecutorial misconduct within the purview of the writ. Hutcherson has fallen far short of meeting his burden of establishing that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had the State not withheld specific exculpatory evidence from the defense. *See Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49.

Finally, Hutcherson argues that the trial court erred in its decisions to deny his motion to suppress evidence and his request to relieve counsel. Error coram nobis does not lie to address issues which could have been raised at trial. *Munnerlyn v. State*, 2018 Ark. 161, at 3, 545 S.W.3d 207, 209. A coram-nobis action does not provide the petitioner with a means to retry his or her case. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

Petition denied.

Special Justice JAY T. TAYLOR joins.

HART, J., not participating.

*Willie Hutcherson*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.