
# SUPREME COURT OF ARKANSAS

No. CR-14-24

| | |
|---|---|
| WILLIS WARD JOHNSON<br>APPELLANT | **Opinion Delivered** December 11, 2014 |
| V. | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-97-153] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WENDELL L. GRIFFEN, JUDGE |
| | <u>AFFIRMED</u>. |

**PER CURIAM**

In 1997, appellant Willis Ward Johnson entered a negotiated plea of guilty in the Pulaski County Circuit Court to first-degree murder and aggravated assault, and he was sentenced to serve an aggregate term of 552 months' imprisonment. Pursuant to Arkansas Code Annotated section 16-93-611 (Supp. 1995) (repealed by Act 570 of 2011), as in effect when appellant committed the offenses, a person who is found guilty of first-degree murder is not eligible for parole until he serves seventy percent (70%) of his sentence.

In 1999, the Arkansas General Assembly amended section 16-93-611 to allow the trial court, in its discretion, to waive the seventy-percent requirement under the following circumstances: (1) the defendant was a juvenile at the time of the offense; (2) the juvenile was merely an accomplice to the offense; and (3) the offense occurred on or after July 28, 1995. Ark. Code Ann. § 16-93-611(b) (Supp. 1999).[1] At the time that he committed the offenses on October

---

[1] The General Assembly repealed section 16-93-611 by Act 570, § 96 of 2011. Subsection (b) of the former statute now appears at Arkansas Code Annotated section 16-93-618(c) (Supp. 2013). *See* Act of Mar. 22, 2011, No. 570, § 96, § 103, 2011 Ark. Acts 1851, 1991, 2055.

9, 1996, appellant was fourteen years old. However, there is nothing in the record showing that he fell within the mere-accomplice circumstance found in the statute.

On April 18, 2013, appellant filed in the trial court a "Motion for Nunc Pro Tunc Order and for Waiver of 70% Provisions for a Juvenile Offender," alleging that the record of his 1997 guilty-plea proceedings shows that the trial court waived the seventy-percent requirement pursuant to section 16-93-611; that, based on communications from his trial counsel, it was his understanding that the trial court waived the seventy-percent requirement; that, even if the trial court at the time of sentencing did not waive the seventy-percent requirement, the court could now waive the requirement; and that a juvenile-transfer hearing was not held. Subsequently, appellant filed a "Motion to Amend Motion/Complaint for Writ of Habeas Corpus Relief," raising allegations stemming from the claim that a juvenile-transfer hearing was not held. Following a hearing, the trial court denied both motions based on its findings that it no longer had jurisdiction in the matter pursuant to Arkansas Rule of Civil Procedure 37.2(c) (1997) because the motions were not filed within ninety (90) days of the entry of the judgment. Appellant has lodged an appeal from that order.

On appeal, appellant argues that the trial court erred in denying his motion seeking waiver of the seventy-percent requirement, contending that the court had jurisdiction to retroactively apply section 16-93-611, as amended, to waive the requirement and that the time limitations on seeking relief pursuant to Rule 37.2 and Arkansas Code Annotated section 16-90-111 (Supp. 1997) are not controlling because he filed the motion pursuant to section 16-93-611. He raises a number of arguments for the first time on appeal to support his claim that the trial court

SLIP OPINION

retained jurisdiction and should have retroactively applied the statute to his sentence. However, on appeal, an appellant is limited to the scope and nature of the arguments he or she made below that were considered by the circuit court in rendering its ruling. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam). Likewise, issues raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

The trial court treated the motion as a petition for postconviction relief pursuant to Rule 37.1. Whether the motion was one under Rule 37.1 or under section 16-90-111(b), it was not timely filed, and the trial court did not err in denying it. Even though appellant did not label his petition as a petition under Rule 37.1, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Rule 37.1. *Newton v. State*, 2013 Ark. 320 (per curiam). Here, appellant filed the motion in his criminal case, seeking to attack his judgment through the petition. To the extent that a claim is cognizable under the Rule, section 16-90-111 has been superseded, and any allegation that can be considered under Rule 37.1 is subject to the time limitations contained in the Rule. *Murphy v. State*, 2013 Ark. 243 (per curiam).

Pursuant to Rule 37.2, when an appellant enters a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered. Ark. R. Crim. P. 37.2(c). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The motion in the instant case

was not timely filed pursuant to the Rule. Because appellant filed the motion sixteen years after the sentencing order was entered, the trial court had no jurisdiction to grant the relief sought. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Even if considered under section 16-90-111, appellant's motion was also untimely. At best, appellant's claim challenges the imposition of his sentence. The statute allows a circuit court to correct a sentence imposed in an illegal manner within the time allowed under the statute for a reduction of sentence. Section 16-90-111(b), as in effect at the time that appellant was sentenced pursuant to a guilty plea, required that an order under the statute that reduces a sentence must be entered within 120 days after the sentence was imposed or within sixty days after receipt by the trial court of the mandate issued upon affirmance of the judgment or dismissal of the appeal.[2] Thus, appellant's motion was not filed within the time limits allowed by the statute. Moreover, in *Edwards v. State*, 347 Ark. 364, 64 S.W.3d 706 (2002) (per curiam), we rejected the argument that section 16-93-611 creates an exception to the time limitation on modifying a sentence set out in section 16-90-111. There, we held that, based on the language in sections 16-90-111 and 16-93-611, a court may not exercise its discretion to waive the seventy-percent requirement outside the time limitations set by the General Assembly in section 16-90-111(b) for seeking reduction of a sentence. We held that, because appellant filed his petition seeking waiver of the seventy-percent requirement outside the time period set out in section 16-

---

[2]In 1999, section 16-90-111(b) was amended to require that an order reducing the sentence must be entered within ninety (90) days after the sentence is imposed. Ark. Code Ann. § 16-90-111 (Supp. 1999). Appellant's petition was filed beyond the time period under either version of the statute.

SLIP OPINION

90-111, the trial court was correct in dismissing his petition.

In addition to the lack of jurisdiction based on the untimeliness of appellant's motion, the motion was also properly dismissed based on our holding in *Edwards* that section 16-93-611 cannot be applied retroactively to waive the seventy-percent requirement. *Edwards*, 347 Ark. 364, 64 S.W.3d 706.

Affirmed.

*Willis Ward Johnson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.