
# SUPREME COURT OF ARKANSAS

No. CR-14-659

| | | |
|---|---|---|
| | | Opinion Delivered February 26, 2015 |
| DANNY WRIGHT | APPELLANT | |
| | | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-08-649] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JOE E. GRIFFIN, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2009, appellant Danny Wright entered a plea of guilty to kidnapping and stalking in the first degree. He was sentenced to serve an aggregate sentence of 180 months' imprisonment with suspended imposition of a sentence of 60 months' imprisonment.

In 2011, appellant filed in the trial court a motion to withdraw the guilty plea, which constituted a request for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). *See Bell v. State*, 2011 Ark. 379 (per curiam). The trial court denied the motion, and appellant appealed to this court. He subsequently filed a motion to dismiss the appeal, which we granted on January 26, 2012.

In 2013, appellant filed in the trial court a pro se petition for writ of error coram nobis. In the petition, he alleged that he was "coerced, however subtly," into pleading guilty by threats from his retained counsel that he would receive a life sentence if he elected to go to trial. He further contended that he was advised by counsel that he would only be required to serve one-

SLIP OPINION

third of his sentence before being eligible for parole, but he later learned that a prior conviction in Texas in 1995 for attempted murder would obligate him to serve 100 percent of his sentence. The trial court rejected the allegations as grounds for issuance of a writ of error coram nobis, and appellant brings this appeal. He reiterates in his brief the claims raised in the petition as grounds for reversal of the order.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. We do not find cause to reverse the trial court's order.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Millsap v. State*, 2014 Ark. 493, 447 S.W.3d 121 (per curiam) (citing *Cromeans v. State*, 2013 Ark. 273 (per curiam)). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Mooney v. State*, 2014 Ark. 453, ___ S.W.3d ___ (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address

errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

We first note that, to the degree that appellant's allegations could be construed as claims of ineffective assistance of counsel, such allegations are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel with respect to entry of a guilty plea are properly brought pursuant to Rule 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel in a timely petition under the Rule. *McArthur v. State*, 2014 Ark. 367, 439 S.W.3d 681 (per curiam).

As to the issue concerning whether appellant's plea was coerced, appellant did not demonstrate that his plea was obtained through intimidation, coercion, or threats inasmuch as the petition did not allege that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341 (per curiam). The mere fact that appellant's trial counsel informed him that he could receive a more severe penalty if he went to trial did not rise to the level of coercion within the purview of a coram-nobis proceeding. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

While appellant contends that his attorney, the prosecution, and the trial court all knew

at the time the plea of guilty was entered that he would be required to serve 100 percent of his sentence, he offered no proof that either the prosecution or the trial court was aware of the 1995 Texas conviction, and appellant did not allege that the prosecution or the court made any statements that appellant would be eligible for parole. Moreover, the facts concerning statutes applicable to appellant's potential parole eligibility were public record and not a withheld or hidden fact. *See Morgan v. State*, 2014 Ark. 341 (per curiam). Clearly, the fact that appellant had a prior conviction in 1995 was known to him.[1] Futhermore, we have specifically held that such claims do not demonstrate that there was some fundamental error of fact extrinsic to the record and that allegations pertaining to a petitioner's parole-eligibility status do not fit within one of the four categories for coram-nobis relief. *Davis v. State*, 2012 Ark. 228 (per curiam). We have also held that the Arkansas Department of Correction's calculation of a petitioner's parole-eligibility date is not a ground for granting a writ of error coram nobis. *Id.*

As there was no fact extrinsic to the record cited by appellant that could not have been known at the time that his plea of guilty was entered, he did not state a ground for the writ. *See Millsap*, 2014 Ark. 493, ___ S.W.3d ___ (citing *Demeyer v. State*, 2013 Ark. 456 (per curiam)). Accordingly, the trial court did not err in declining to issue the writ.

Affirmed.
*Danny Wright*, pro se appellant.
No response.

---

[1]Even if counsel had been aware of the 1995 conviction, appellant's argument that he was not advised properly by his attorneys when he entered his plea was a claim of ineffective assistance of counsel that should have been addressed in a timely Rule 37.1 proceeding. *See State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.