2016 Ark. 78

**Kelly Lamont OLIVER, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–15–730**

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

Kelly Lamont Oliver, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Pamela Rumpz, Ass't Att'y Gen., for appellee.

PER CURIAM

In 2012, appellant Kelly Lamont Oliver entered a negotiated plea of guilty to attempted first-degree murder and aggravated robbery. He was sentenced to an aggregate term of 780 months' imprisonment. On May 19, 2015, Oliver filed in the trial court a pro se petition for writ of error coram nobis. The petition was denied. Oliver brings this appeal.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7, at 13–14, 2014 WL 197789. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman v. State*, 2014 Ark. 7, at 13–14, 2014 WL 197789. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The

function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Oliver first stated that he had filed a petition for writ of habeas corpus in federal court, alleging that he was denied effective assistance of counsel when he entered his plea, and that the claim would be "reiterated herein." The ineffective-assistance-of-counsel allegations raised in the coram-nobis petition, however, did not establish a ground for the writ. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *White v. State*, 2015 Ark. 151, at 4–5, 460 S.W.3d 285, 288.

Oliver also argued in his petition that his guilty plea was coerced, which is one of the grounds on which the writ may issue. Oliver did not allege that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341 (per curiam). Instead, he contended that he suffered from a mental disease or defect and that he entered the plea when he had not been receiving his psychiatric medication, was out of touch with his mother on whom he relied, was affected by his attorney's "stronger will," and was "scared to death." He further asserted that his attorney, the trial court, and everyone in the courtroom was hostile to him, which, when coupled with his mental instability and desire to please the court, caused him to enter the plea. He stated that he had a history of suicide attempts and had been prescribed medication to treat mood and depressive disorders. Oliver alleged that there was a doctor who would testify to his mental disease or defect, but counsel erroneously advised him that the doctor was neither licensed nor qualified. Thus, the crux of Oliver's claim for issuance of the writ was primarily the claim that his plea was the result of his mental state. This court has held that, when claiming insanity at the time of trial, the burden is on the petitioner who claims a history of mental disease or defect to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). The petitioner must present facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was insane and incompetent to proceed. *Swift v. State*, 2015 Ark. 381, 2015 WL 6395914 (per curiam). Here, while Oliver alleged that he pleaded guilty because his will was overcome by the stronger will of others and

because of his confused mental state, he did not offer proof of any information that could not have been known at the time of trial that could have established his incompetency. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Millsap v. State,* 2014 Ark. 493, 449 S.W.3d 701 (per curiam). There was no fact in Oliver's petition with respect to either his claims of coercion or his impaired mental state that he could not have brought out at the time of trial to demonstrate that he was coerced into pleading guilty or that he was not sane. He did not show that there existed some fact—incompetence at the time of the guilty plea—that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State,* 2015 Ark. 69, 456 S.W.3d 374.

Oliver signed a "Plea and Waiver" document at the time he entered his plea, attesting that he had never been declared mentally incompetent for any reason, that he was not under the influence of alcohol or another drug, and that he did not require psychiatric treatment. Oliver conceded in his coram-nobis petition that the trial court spoke to him and recalled that he had originally maintained his innocence by reason of mental disease or defect and informed him that he was not required to enter a plea of guilty and could proceed to trial on the next day. By entering a plea, Oliver opted to abandon the competency issue, and he waived any claim that he was not guilty of the charges. *See Beverage v. State,* 2015 Ark. 112, at 7, 458 S.W.3d 243, 248.

As Oliver did not make a showing that there was any fact extrinsic to the record that was not known, or could not have been known, at the time of trial, he did not state a ground for the writ, and the trial court did not err in denying the relief sought. His allegations were, at least in part, cognizable in a timely petition under Arkansas's postconviction rule, Arkansas Rule of Criminal Procedure 37.1. Again, we have held that error-coram-nobis proceedings are not a substitute for proceeding under the Rule to challenge the validity of a guilty plea; the two proceedings are not interchangeable. *Nelson,* 2014 Ark. 91, at 5–6, 431 S.W.3d 852, 856.

Affirmed.