# SUPREME COURT OF ARKANSAS.
No. CR–15–501

| | |
|---|---|
| BRIAN KEITH BIGGS      PETITIONER <br><br> V. <br><br> STATE OF ARKANSAS      RESPONDENT | Opinion Delivered March 17, 2016 <br><br> PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-09-140] <br><br> HONORABLE GRISHAM A. PHILLIPS, JUDGE <br><br> <u>AFFIRMED</u>. |

**PER CURIAM**

Appellant Brian Keith Biggs pleaded guilty to aggravated robbery in the Saline County Circuit Court. He was sentenced to 300 months' imprisonment as reflected in the judgment–and–commitment order file-marked on May 27, 2010. On March 9, 2015, Biggs filed in the trial court a pro se petition for writ of error coram nobis. The petition was denied, and Biggs brings this appeal.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7, at 13–14. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7, at 13–14. There

SLIP OPINION

is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

On appeal, Biggs contends that his trial counsel coerced him into a guilty plea because counsel was "indifferent, incompetent, and ineffective." Specifically, Biggs claims that he agreed to a plea offer on the charge of aggravated robbery believing he would serve 70 percent of the 300 months' imprisonment but that his counsel essentially withheld from the trial court the fact that he would serve more than 70 percent of his sentence pursuant to Act

1805 of 2001, codified at Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2006). Therefore, Biggs contends that had this information been disclosed to the trial court, the judgment of conviction would not have been entered against him, as the trial court was unaware that he would serve more than 70 percent of his sentence. An appellant is limited to the scope and nature of the arguments he made below and that were considered by the lower court in rendering its ruling. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. We have routinely held that we will not hear arguments raised for the first time on appeal. *Nooner v. State*, 339 Ark. 253, 4 S.W.3d 497 (1999). Notwithstanding his argument on appeal, Biggs argued in his petition below that he was not "challeng[ing] the validity of either this conviction or plea" and was merely challenging the imposition of serving the 300 months' imprisonment in full versus his prior belief that he would serve 70 percent of that time. Biggs did not raise the argument he makes now on appeal to the trial court below, as he specifically argued below that he was not challenging the validity of his plea.

While Biggs attempts to couch his claim in terms of a coerced-guilty plea, which would provide a basis for relief in a coram-nobis proceeding, the actual basis for his claim on appeal is ineffective assistance of counsel with the underlying argument that, due to counsel's deficiency, he was not aware he would serve more than 70 percent of his agreed-upon sentence. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule,

Arkansas Rule of Criminal Procedure 37.1.[1] *White v. State*, 2015 Ark. 151, at 4, 460 S.W.3d 285, 288.

Even had Biggs argued his coerced-guilty-plea claim below, he makes no allegation that anyone other than his own trial counsel misadvised him. *See Wright v. State*, 2015 Ark. 83, at 3–4, 456 S.W.3d 371, 373–74 (per curiam) (no claims made by appellant that the prosecution or trial court was aware of his prior conviction or that statements were made that he was eligible for parole). Erroneous advice concerning parole eligibility does not automatically render a guilty plea involuntary nor does it support a claim of a coerced plea, providing a basis for coram-nobis relief. *See Morgan v. State*, 2013 Ark. 341, at 7 (per curiam) (citing *State v. Tejada-Acosta*, 2013 Ark. 217, 427 S.W.3d 673). Moreover, the facts concerning any statutes applicable to Biggs's potential parole eligibility were public record and not a withheld or hidden fact. *See, e.g.*, *Wright*, 2015 Ark. 83, at 4, 456 S.W.3d at 373. Claims regarding parole-eligibility status do not demonstrate that there was some fundamental error of fact extrinsic to the record and do not fit within one of the four categories for coram-nobis relief. *Id.* "We have also held that the Arkansas Department of Correction's calculation of a petitioner's parole-eligibility date is not a ground for granting a writ of error coram nobis." *Id.* (citing *Davis v. State*, 2012 Ark. 228 (per curiam)). As there was no fact extrinsic to the record cited by Biggs that could not have been known at

---

[1]When a petitioner under the Rule enters a plea of guilty, the Rule 37.1 petition must be filed in the trial court, pursuant to Rule 37.2(c)(i), within ninety days of the date of entry of judgment. Biggs sought no relief until nearly five years after entry of judgment.

 

the time that his guilty plea was entered, he did not state a ground for the writ, and the trial court properly denied error-coram-nobis relief.

 Affirmed.