SLIP OPINION

Cite as 2016 Ark. 447

# SUPREME COURT OF ARKANSAS.
No. CR–16–475

| | |
|---|---|
| DENNIS RAY MATTHEWS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered December 8, 2016<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-81-1233]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 1981, appellant Dennis Ray Matthews entered a plea of guilty to capital felony murder for which the underlying felony was aggravated robbery. He was sentenced to life imprisonment without parole. The judgment was entered on January 5, 1982. On June 4, 2016, Matthews filed in the trial court a pro se petition for writ of error coram nobis. The trial court declined to issue the writ, and Matthews brings this appeal.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7. There is no abuse of

SLIP OPINION

discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. These categories, however, are not absolute and may be expanded when there is a showing of a procedural gap whereby a petitioner in a particular case would be denied due process of law if a coram-nobis proceeding were not allowed to fill the void. *See Strawhacker v. State*, 2016 Ark. 348, ___ S.W.3d ___. Error-coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854.

In his petition, Matthews stated the following two grounds for issuance of the writ: (1) he was mentally incompetent and awaiting a mental evaluation at the time he was

"forced" to enter his plea and was incapable of understanding the ramifications of a guilty plea; (2) he was coerced and threatened into changing his plea of not guilty by reason of mental disease to a plea of guilty. Matthews did not support the claims in his petition with any facts or provide any substantiation or elucidation of the allegations, and he offered no explanation of how the claims would warrant issuance of a writ of error coram nobis. In his brief-in-chief and his reply brief, Matthews expands on his bare claims and provides information that was not contained in the petition that the trial court ruled on.

First, this court will not consider the new material contained in the briefs. We do not address new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam). When reviewing the trial court's ruling on a coram-nobis petition on appeal, the appellant is limited to the scope and nature of the arguments that he or she made below that were considered by the trial court in rendering its ruling. *Johnson v. State*, 2014 Ark. 526, at 3, 452 S.W.3d 87, 89, *reh'g denied* (Feb. 12, 2015). Also, to the extent that Matthews did not argue in his brief a claim made below, allegations raised in the trial court, but not argued on appeal, are considered abandoned. *See Johnson*, 2014 Ark. 526, 452 S.W.3d 87; *see also Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam).

Matthews appended to his coram-nobis petition an affidavit in which he argued that his attorney when he entered his plea in 1981 did not competently represent him. The trial court ruled that the allegations raised in the coram-nobis petition, while couched as claims for issuance of the writ, were actually allegations of ineffective assistance of counsel and thus did not state a ground for the writ. We agree. This court has held that claims of ineffective

assistance of counsel are not cognizable in a coram-nobis proceeding. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. Such claims are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *Id.* This holds true even when the deadline for filing Rule 37 relief has passed, as fundamental fairness and due process do not require an unlimited opportunity to proceed under Rule 37.1. *Nelson*, 2014 Ark. 91, at 6, 431 S.W.3d 852, 856.

Next, the claims raised by Matthews in his petition asserting that he was not mentally competent when he entered his plea in 1981 were devoid of facts to substantiate the claims. The application for coram-nobis relief must make a full disclosure of specific facts relied on as the basis for the writ. *Markus v. State*, 2015 Ark. 228, at 4, 463 S.W.3d 675, 677 (per curiam); *see also Larimore v. State*, 327 Ark. 271, 938 S.W.3d 818. Because Matthews failed to assert facts in support of the allegations contained in the coram-nobis petition that established a ground for the writ, he did not meet his burden of showing that the trial court should issue the writ. *Wright v. State*, 2015 Ark. 83, 456 S.W.3d 371 (per curiam).

With respect to Matthews's conclusory statement that he was "coerced and threatened" into pleading guilty, coercion is, as stated, one of the grounds on which the writ may issue, but there was no claim that Matthews's plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Oliver v. State*, 2016 Ark. 78, 483 S.W.3d 298 (per curiam). His allegations did not rise to the level of coercion, which we have held is a compulsion of a free agent by

physical, moral, or economic force or threat of physical force. *See White v. State*, 2015 Ark. 151, at 5, 460 S.W.3d 285, 288.

Moreover, there was no fact in Matthews's petition with respect to either his claims of coercion or his impaired mental state that he could not have brought out at the time of trial to demonstrate that he was coerced into pleading guilty or that he was not sane. Matthews failed to show that there existed some fact—coercion or incompetence at the time of the guilty plea—that would have prevented rendition of the judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. By entering a plea, Matthews elected to abandon the competency issue, and he waived any claim that he was not guilty of the charges. *Oliver*, 2016 Ark. 78, at 4, 483 S.W.3d 298, 301; *see also Beverage v. State*, 2015 Ark. 112, at 7, 458 S.W.3d 243, 248.

Finally, Matthews filed his coram-nobis petition thirty-five years after he had entered his plea of guilty. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. Due diligence requires that the defendant be unaware of the fact at the time of the trial, that the defendant could not have, in the exercise of due diligence, presented the fact at trial, and that the defendant, after discovering the fact, did not delay bringing the petition. *Id.* In the absence of a valid excuse for delay, the petition will be denied, and the burden is on the petitioner to establish that he or she acted with due diligence. *Grant v. State*, 2016 Ark. 82, at 6, 484 S.W.3d 272, 277 (per curiam). Even though an assertion of mental incompetence at the time of trial is a recognized ground for

the writ, merely referring to incompetence as a ground for the writ without stating facts to support the claim does not constitute a showing that the petitioner has met the burden of proceeding with diligence. Matthews's conclusory statements did not establish that he was diligent in filing his petition.

Because Matthews's petition for writ of error coram nobis did not state a ground to warrant issuance of the writ and he was not diligent in bringing the petition, the trial court did not abuse its discretion in denying the petition. *See White*, 2015 Ark. 151, 460 S.W.3d 285. Accordingly, we affirm the order.

Affirmed.

*Dennis Ray Matthews*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee